**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3233

_____

VINCENT DENAO,

Appellant

v.

32 BJ SEIU; MID ATLANTIC INC.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(No. 2-13-cv-07266)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 19, 2015

Before AMBRO, FUENTES, and GREENBERG, *Circuit Judges*

(Filed: July 20, 2015)

_____

OPINION*

_____

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Vincent Denao appeals the District Court's order dismissing his claim against his union SEIU, under Section 301 of the Labor Management Relations Act, for breach of its duty of fair representation.[1] The District Court dismissed the claim as time-barred. Denao argues that the Court improperly identified the date on which the statute of limitations accrued. We will affirm.

Denao worked as a janitor for ABM Janitorial Services Mid-Atlantic, Inc. from December 1999 until February 2013. During this time, he was a member of the SEIU labor union, and his employment was subject to a collective bargaining agreement between ABM and SEIU. According to the complaint, the collective bargaining agreement stipulated that an ABM employee caught sleeping on the job would receive a written warning and a three-day suspension for a first time offense.

On February 19, 2013, Denao's supervisor observed Denao sleeping while he was working at the Liberty Place Mall in Philadelphia. He alleges that this was the first time he had violated ABM's policy against sleeping on duty. Nevertheless, ABM terminated him on February 26, 2013. Denao filed a grievance contending that his termination violated the collective bargaining agreement, and a hearing was held on the grievance on April 15, 2013. At that hearing, Denao's SEIU representative allegedly did not advance

---

[1] Denao also brought a claim for breach of the collective bargaining agreement against his employer, ABM Janitorial Services. he does not appeal the District Court's dismissal of that claim.

the argument that Denao's termination violated the collective bargaining agreement. The grievance was not successful, and Denao's termination became final.

Denao filed the instant suit in the Court of Common Pleas on November 13, 2013. His complaint claimed breach of the collective bargaining agreement against ABM and SEIU, and breach of the duty of fair representation against SEIU for failing to adequately represent his interests during the grievance process. Such a suit is subject to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. That provision provides that "suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185. "Any state law cause of action for violation of a collective bargaining agreement is entirely preempted by Section 301." *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 232 (3d Cir. 1999).[2] A Section 301 claim is subject in its entirety to a six-month statute of limitations period. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005) (citing *DelCostello*, 462 U.S. at 172). The limitations period begins "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Podobnik*, 409 F.3d at 593 (quoting *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990)).

---

[2] It is no matter that "[s]uch a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

ABM removed the case to the Eastern District of Pennsylvania on December 12, 2013. The District Court dismissed the case as time-barred. On the District Court's view, Denao's claim accrued at the time of the hearing on his grievance on April 15, 2013 and had become untimely by the filing of his suit on November 13, 2013. He then filed this appeal, which challenges the dismissal of his claim against SEIU only.

Denao does not dispute that his claim against SEIU is subject to a six month limitations period. He only contends that the District Court erred in determining that his claim accrued on the date of the hearing on his grievance. He argues that he reasonably believed the union would continue to assist him up until the point when he filed this suit against it. At the very least, he says, the union's duty to represent him extended beyond the hearing. So long as he was a dues paying member in good standing with the union, Denao believes it was rational for him to infer that his union was properly representing him.

Denao does not explain why the moment when his union's duty to represent him came to an end is relevant to a statute-of-limitations analysis. In any event, it is not the date on which SEIU's duty to represent him terminated that marks the accrual date of his claim. Rather, it is "when [he] discover[ed], or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Podobnik*, 409 F.3d at 593. That date is no later than April 15, 2013, when his union representative failed to advance the argument that his termination was contrary to the collective bargaining agreement. Denao did not file his complaint until more than six months later, on November 13, 2013. Because claims of this nature are subject to a six-month limitations

4

period, *see id.*, the District Court correctly determined that Denao's filing is untimely. The judgment of the District Court dismissing his claim will therefore be affirmed.

An appropriate order follows.